UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. BRANNON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-01815-JAR |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Robert L. Brannons's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 6). In November 2013, Petitioner sought an extension of time to file a reply to the Government's response (Doc. 9), which the Court granted. To date, the Court has not received Petitioner's reply. For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I.  Introduction and Background

On October 21, 2009, Petitioner was convicted by a jury in the Circuit Court of Saint Louis City, Missouri, of one count each of first-degree domestic assault and armed criminal action (Resp't Ex. B at 88-91). On December 18, 2009, he was sentenced as a prior and persistent offender to two consecutive twenty-five (25) year terms, for a total of fifty (50) years' imprisonment (Id. at 96-99; Resp't Ex. A at 159, 165). On direct appeal of his conviction, Petitioner raised two points: that the trial court erred by allowing evidence of uncharged crimes and by denying his motion for judgment of acquittal on the first-degree domestic assault count (Resp't Ex. C). On January 11, 2011, the Missouri Court of Appeals affirmed Petitioner's

conviction in State v. Brannon, 329 S.W.3d 406 (Mo. Ct. App. 2011) (per curiam). Petitioner did not file an application for transfer to the Missouri Supreme Court.

Petitioner filed a Rule 29.15 motion on May 2, 2011 (Resp't Ex. F at 6). An attorney was appointed for Petitioner, and the attorney filed an amended motion on August 9, 2011, asserting that Petitioner was denied effective assistance of counsel, as well as due process of law, when trial counsel failed to object to the prosecutor's questioning of a venireperson (Id. at 25-37). On November 18, 2011, Petitioner's motion was denied without an evidentiary hearing (Id. at 39-42). On appeal, Petitioner challenged the motion court's ruling on his claim of ineffective assistance (Resp't Ex. G). On August 28, 2012, the denial of his motion was affirmed in Brannon v. State, 375 S.W.3d 263 (Mo. Ct. App. 2012) (per curiam). Petitioner did not apply for transfer to the Missouri Supreme Court.

On September 12, 2013, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus advancing three grounds for relief: (1) that trial counsel was ineffective by failing to object to the prosecutor's questioning of the venireperson; (2) that the state court erred by denying his Rule 29.15 motion without an evidentiary hearing; and (3) that the Government adduced insufficient evidence at trial to prove his guilt beyond a reasonable doubt (Doc. 1).

The Government responded, arguing that the petition was untimely and addressing each of the three grounds (Doc. 6). The Court has reviewed the Petition and the State's response in their entireties, but as it has determined that the petition is untimely, the Court will limit its order to that issue.

## II. Analysis

Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, § 2244(d)(1)(A) provides that the one-year period begins to

run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(2) explicitly excludes from this period of limitation, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Therefore, while a properly filed state petition for post-conviction relief or other application for collateral review, such as a Rule 29.15 motion, is pending, the 1-year period of § 2244(d)(1) is tolled. Polson v. Bowersox, 595 F.3d 873, 875 (8th Cir. 2010); Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002).

In this case, Petitioner failed to timely file his federal habeas petition. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court of his direct appeal, his judgment becomes final fifteen days after the Missouri Court of Appeals issues its opinion. Adams v. Cassady, No. 4:14-CV-505-CEJ, 2015 WL 3798086, at *1 (E.D. Mo. June 18, 2015) (citing Mo. Sup. Ct. R. 83.02, 83.04, and 84.17(b)). Thus, Petitioner's judgment of conviction became final on January 26, 2011, 15 days after his conviction was affirmed by the Missouri Court of Appeals. Petitioner filed a timely Rule 29.15 Petition on May 2, 2011, 96 days later, which tolled the limitations period for purposes of Section 2244(d)(2) until September 12, 2012, when Petitioner's opportunity to file a Motion to Transfer the case to the Supreme Court expired. Gonzalez v. Thaler, 132 S. Ct. 641, 652-56 (2012); Camacho v. Hobbs, 774 F.3d 931, 933 (8th Cir. 2015). The one-year statute of limitations for Petitioner to file for federal habeas relief expired on June 10, 2013, or 269 days after the expiration of his time to seek review in the Missouri Supreme Court of the denial of his Rule 29.15 motion. The 96 previously un-tolled days plus 269 days is equal to 365 days, or one year. Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on September 12, 2013, 94 days

after the applicable one-year limitations period had expired.[1] Thus, Petitioner's Section 2254 Petition is time-barred. Furthermore, equitable tolling is unwarranted in this case as nothing in the petition indicates that Petitioner diligently pursued his rights and that some "extraordinary circumstance" stood in his way. Pace v. DiGulielmo, 544 U.S. 408, 418 (2005).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Robert L. Brannon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 17th day of May, 2016.

JOHN A. ROSS
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Petitioner's claim would be time-barred even if he were given the benefit of the prison-mailbox rule. See Grady v. United States, 269 F.3d 913, 916-18 (8th Cir. 2001).